**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| HORACE SANFORD, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:12-cv-508 (CAR) (CHW) |
| | : | |
| Warden DARRELL HART, | : | Proceedings under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Now before the Court is an application for writ of habeas corpus filed by Petitioner, Horace Sanford, pursuant to 28 U.S.C. § 2254. In 2011, Petitioner pleaded guilty to charges of burglary and contributing to the delinquency of a minor. Petitioner now seeks to challenge the validity of his guilty plea. Petitioner also claims that his indictment was inadequate and that his plea counsel was ineffective for failing to object to the burglary charge.

A state habeas court previously addressed Petitioner's claims on the merits, so Petitioner may only obtain relief from this Court by showing that the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Because Petitioner failed to make such a showing, it is **RECOMMENDED** that his application be **DENIED**.

## BACKGROUND

During a hearing held before the Superior Court of Jones County on March 24, 2011, Petitioner Horace Sanford pleaded guilty to one count each of Burglary and Contributing to the

1

Delinquency of a Minor. (Doc. 7-7, p. 77, 92-103). The relevant portions of Petitioner's plea-hearing transcript read as follows:

> Assistant District Attorney: These crimes occurred in Jones County on . . . April the 10th, 2009, when, in Count One, Mr. Sanford did, without . . . authority and with the intent to commit a theft, enter[] the dwelling house of William Etheridge, located at 680 Chapman Road, which, of course, again, is here in Jones County. Contributing to the Delinquency of a Minor occurred on that same date when Mr. Sanford did aid Anthony Seabrooks, a minor under the age of 17 years, to commit a delinquent act, that being Burglary. The evidence at trial would show that Anthony Seabrooks was attempting to . . . remove an air conditioner from the home of Mr. Etheridge. Mr. Etheridge was at home. He came outside to see Anthony Seabrooks fleeing, and Mr. Sanford had carried him over to this house . . . to commit this residential burglary.
>
> . . .
>
> The Court: Did you do what he told me you did?
> Petitioner: Yes.
>
> (Doc. 7-7, pp. 93, 97)

Petitioner was sentenced to "twenty years, serve ten" on the Burglary charge, and 12 months, to run concurrently, on the Contributing to the Delinquency of a Minor charge. (Doc. 7-7, pp. 4-5, 77).

On August 26, 2011, Petitioner filed a state petition for writ of habeas corpus in the Superior Court of Wilcox County. (Doc. 7-1, pp. 1-5). Petitioner raised four grounds for relief in his state habeas petition:

> Ground One.   That the indictment failed to allege conduct that would constitute a crime because there was "no evidence . . . to support the essential elements of the burglary offense," and because there "wasn't any 'entering the dwelling or remaining there-in,' nor was there 'any' item(s) taken what-so-ever, to support theft."
>
> Ground Two.   That the trial court failed to adequately inform Petitioner of his privilege against self-incrimination, and failed to comport with the dictates of due

process by failing to explain how "the essential elements correspond with . . . the indictment[']s language [and] conform to what the Petitioner 'intelligently' knew about the elements of the charge, prior to accepting his plea."

<u>Ground Three</u>.   That the State failed to first "produce" the statutory elements of the charged offense of burglary by setting them out in the indictment.

<u>Ground Four</u>.   That Petitioner's plea counsel "was ineffective for his failure to object and/or make any challenges to the greater offense of burglary based solely upon an attempted conduct theory of a lesser theft."

(Doc. 7-1, p. 4)

A hearing was held regarding Petitioner's state habeas petition on January 26, 2012. (Doc. 7-7, pp. 1-30). At that hearing, Petitioner's plea counsel testified regarding the State's intent to use Georgia's "party to a crime" laws in prosecuting Petitioner:

> Certainly the evidence is different on both sides of the case, but according to the State of Georgia, they indicated that my client was a party to the crime of a burglary whereby two individuals went trying to steal an air conditioner out of the house. The resident was there, and as they were trying to move the air conditioner and get it out, he saw them. They ran off and supposedly jumped in the -- [Petitioner's] truck and took off.
>
> . . .
>
> [E]verybody in the indictment was charged with the same thing. The exact same thing. But they were going to establish the proof by showing that [Petitioner was] a party to the crime as opposed to actually entering the dwelling.

(Doc. 7-7, pp. 11-12, 26)

Petitioner's plea counsel also responded to direct questioning conducted by Petitioner, himself, who appeared unfamiliar with Georgia's "party to a crime" laws:

<u>Q</u>:  Mr. McLendon, are you aware what the code is for burglary?
<u>A</u>:  Yes.
<u>Q</u>:  Do you mind stating it for me, please?

3

<u>A</u>: Burglary?

<u>Q</u>: Yes, sir. What constitute a burglary?

<u>A</u>: Entering into a dwelling house of another with intent to commit a theft therein.

<u>Q</u>: Thank you. And to your knowledge, do the State have an evidence that I entered into a dwelling?

<u>A</u>: That you personally did?

<u>Q</u>: That I personally entered into a dwelling.

<u>A</u>: No.

<u>Q</u>: So don't you think that was ground enough for you to ask for a motion to dismiss if the State had no evidence that I even attempted to enter into a home?

<u>A</u>: No sir. I don't think that's any ground at all. You were not charged with being the one who did it. You was charged as being a party --

<u>Q</u>: No, sir. No, sir.

<u>A</u>: -- to a crime.

<u>Q</u>: No sir.

. . .

<u>A</u>: Basically if you're concerned with a crime based upon the State's evidence, you can be charged with the crime also, and that basically was their charge.

<u>Q</u>: But I'm saying do they actually -- did they actually have any physical evidence of me ever entering a dwelling?

<u>A</u>: No, sir.

. . .

<u>Q</u>: Doesn't [the] indictment exclusively say that I entered the home to commit theft?

<u>A</u>: Yes, sir.

<u>Q</u>: Did you know that I did not enter that home to commit theft?

<u>A</u>: I know that you didn't personally enter the home. I do know that. Yes sir.

<u>Q</u>: Sir?

<u>A</u>: I know you personally did not enter the home. Yes, I know that.

<u>Q</u>: So under those grounds, McLendon, why you didn't file motion to dismiss?

<u>The Court</u>: Mr. Sanford, he's already answered that.

(Doc. 7-7, pp. 17-19, 26-27)

In its February 3, 2012 Order denying Petitioner's state habeas petition, the Wilcox County Superior Court discussed neither Georgia's "party to a crime" laws nor Petitioner's

4

understanding of them. (Doc. 7-2, pp. 1-9). Instead, regarding the four grounds for relief raised in Petitioner's state habeas petition, the Wilcox County Superior Court held that:

<u>Ground One</u>.   Petitioner waived Ground One by entering a valid guilty plea.

<u>Ground Two</u>.   Petitioner was "thoroughly informed about the charges pending against him, the terms of his guilty plea, and the effect a guilty plea would have upon his rights," and that Petitioner's plea was therefore "knowingly, voluntarily, and intelligently entered."

<u>Ground Three</u>.   Petitioner waived Ground Three by entering a valid guilty plea.

<u>Ground Four</u>.   Petitioner (1) failed to make a substantial showing that his plea counsel was deficient; and (2) failed to show that but-for any deficiencies, he would not have pleaded guilty and would have instead proceeded to trial.

(Doc. 7-2, pp. 1-9)

Following the denial of his state habeas petition, Petitioner applied to the Georgia Supreme Court for a certificate of probable cause to appeal, raising the same grounds for relief. (Doc. 7-3, pp. 1-3; Doc. 7-4, pp. 1-20). The Georgia Supreme Court denied Petitioner's application on October 29, 2012, (Doc. 7-5, p. 1), and Petitioner then timely filed the instant federal habeas petition.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, if a habeas applicant failed to develop the factual basis of a claim in state court proceedings, the Court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that

5

but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a careful review of the record, and in light of the facts presented herein, no evidentiary hearing is warranted in this case.

### EXHAUSTION

Petitioner properly exhausted the four grounds for relief raised in his state habeas petition and subsequent application for certificate of probable cause to appeal, so this Court may properly consider federal habeas claims based upon those state habeas grounds. All of Petitioner's other federal habeas claims are unexhausted, and because Petitioner is barred from now raising them in state court, those other claims are procedurally defaulted.

### Legal Standard

Federal courts may not consider an application for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court unless the applicant first exhausts the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). This exhaustion doctrine requires an applicant to "fairly present" his claims to the state courts in order to give the State "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations omitted). When a federal habeas application contains both exhausted and unexhausted claims— that is, when the petition is "mixed"—Courts must ordinarily either dismiss or stay proceedings in order to allow the applicant an opportunity to exhaust his state remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). When it is clear that state law would bar the applicant from raising previously unexhausted claims, though, Courts may treat those procedurally defaulted claims as "no basis for federal habeas relief." *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1988).

**Analysis**

Petitioner's *pro se* federal habeas application is both "mixed" and scattershot, and as a result, it is difficult to determine what claims Petitioner seeks to raise and which of those claims are exhausted. Petitioner initially raised only three claims in his standard-form petition, and it is clear that at least two of those claims, claims one and two, correspond to grounds one and two of Petitioner's state habeas petition, as set out on page three of this Recommendation. (Doc. 1, pp. 5-11; Doc. 7-1, p. 4; Doc. 6-1, pp. 3-9). Petitioner's third claims appears to be unexhausted, so the Court may not evaluate that claim.

After filing his initial petition, Petitioner filed a handwritten amended petition in which he raised many new claims, some of them patently unexhausted. (Doc. 5). Among Petitioner's new claims, though, were several relevant and potentially exhausted claims, including claims that:

- Petitioner's indictment was "imperfect and insufficient [in] form and substance," (Doc. 5, p. 4);

- Petitioner's "plea was insufficient advice as to waive his right against self-incrimination," (Doc. 5, p. 8); and that

- Petitioner "was deprived of his Constitutional rights under [the] Sixth and Fourteenth Amendments because he was not adequately notified of the laws and procedural rules applicable to his case," (Doc. 5, p. 10).

Petitioner also raised new, potentially exhausted claims in his "Return Answer," (Doc. 8), including claims that:

- "the State failed [illegible] the essential elements of burglary into the averment that would constitute a crime of burglary," (Doc. 8, p. 3);

- Petitioner's "guilty plea was not knowingly and intelligently given," (Doc. 8, p. 8); and that

- "Petitioner . . . received ineffective assistance of counsel in that counsel failed to object to the burglary charge," (Doc. 8, p. 10).

Scattershot though they may be, Petitioner's federal habeas claims clearly encompass his state habeas grounds. To that extent only, the Court may consider Petitioner's section 2254 application. Petitioner's other, unexhausted claims are now "procedurally defaulted" by operation of O.C.G.A. § 9-14-51, which provides in relevant part: "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition."[1] Because Petitioner's exhausted state habeas grounds dictate the bounds of the instant federal habeas application, and because Petitioner's federal habeas claims are many and varied, and often overlap with each other, this Recommendation will proceed by analyzing Petitioner's claims as stated in his state habeas petition. For convenience, Petitioner's state habeas grounds are re-stated below:

Ground One.   That the indictment failed to allege conduct that would constitute a crime because there was "no evidence . . . to support the essential elements of the burglary offense," and because there "wasn't any 'entering the dwelling or remaining there-in,' nor was there 'any' item(s) taken what-so-ever, to support theft."

Ground Two.   That the trial court failed to adequately inform Petitioner of his privilege against self-incrimination, and failed to comport with the dictates of due process by failing to explain how "the essential elements correspond with . . . the indictment[']s language [and] conform to what the Petitioner 'intelligently' knew about the elements of the charge, prior to accepting his plea."

---

[1] O.C.G.A. § 9-14-51 reads in full:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

<u>Ground Three</u>.  That the State failed to first "produce" the statutory elements of the charged offense of burglary by setting them out in the indictment.

<u>Ground Four</u>.  That Petitioner's plea counsel "was ineffective for his failure to object and/or make any challenges to the greater offense of burglary based solely upon an attempted conduct theory of a lesser theft."

## ANALYSIS OF PETITIONER'S EXHAUSTED GROUNDS

### Legal Standard

Federal courts may not grant habeas relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). This standard is "highly deferential," and the Supreme Court has made clear that state-court rulings should "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." *Id.* "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.*

9

When a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Similarly, when reviewing a state court's decision applying federal law, a federal court must not determine the accuracy of the result, but instead, whether the result was objectively unreasonable, which is "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Wellons v. Warden, GDCP*, 695 F.3d 1202, 1206 (11th Cir. 2012).

**<u>Analysis</u>**

Because Petitioner's grounds one and three both allege indictment error, those grounds will be considered together. Additionally, because the state habeas court determined that Petitioner waived grounds one and three by entering a guilty plea, the validity of which Petitioner challenged in ground two, that ground, ground two, will be considered first. Finally, in ground four, Petitioner argued that his plea counsel was ineffective for failing to object to the charge of burglary. That ground, ground four, will be considered last.

As discussed below, all of Petitioner's grounds relate, to some degree, to Petitioner's lack of understanding of Georgia's "party to a crime" laws. In ground two, Petitioner argued that he did not "intelligently" plead guilty because he did not understand that he could be charged with and convicted of burglary based only on his intentional aiding and abetting of a burglar. In grounds one and three, Petitioner argued that his indictment did not adequately inform him of the facts or the legal theory establishing his guilt as a burglar because the indictment lacked "party to a crime" language. Finally, in ground four, Petitioner argued that his plea counsel was ineffective

for failing to object to the burglary charge because "the evidence [failed] to show an unlawful or unauthorized entry by Horace Sanford." (Doc. 7-4, p. 19).

A state habeas court previously addressed Petitioner's claims on the merits, so Petitioner may only obtain relief from this Court by showing that the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Because Petitioner failed to make such a showing, his application must be denied.

### I. Ground Two: Petitioner's Guilty Plea was Valid

In ground two of his state habeas petition, Petitioner argued that he did not "intelligently" plead guilty to the charge of burglary. A guilty plea "is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (internal quotations omitted). This is so because a guilty plea operates as a waiver of important federal rights. *Id.; see also Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

As indicated by the state habeas court, (Doc. 7-2, p. 6), there is no real question that Petitioner was adequately informed of the rights he would waive by entering a plea of guilty. The relevant portion of the plea-hearing transcript reads:

> <u>Court</u>: I'm going to inform you of certain rights that you have and inform you of the fact that if you plead guilty, you give up these rights. You have a right to trial by jury, you're presumed to be innocent, you have a right to confront any witnesses the State presents against you, you have a right to subpoena any witnesses you want to appear and testify for you, you have a right to testify and offer other evidence if you want to, you have a right to the services of an attorney during a trial, you have a right not to incriminate yourself, you have a right to

11

>plead not guilty or remain silent and not enter any plea and, in either case, automatically obtain a jury trial. Do you understand these rights and understand if you plead guilty, you give up these rights?
>
>Petitioner: Yes.

(Doc. 7-7, pp. 96-97)

As Respondent notes, (Doc. 6-1, p. 8), this colloquy satisfied the standard set by *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

The more difficult question, which Respondent did not address, is whether Petitioner was adequately informed of the charges against him. *See*, *e.g.*, *Bradshaw v. Stumpf*, 545 U.S. at 183 ("Where a defendant pleads guilty to a crime without having been informed of the crime's elements, [the guilty plea] standard is not met and the plea is invalid."); *see also Bousley v. U.S.*, 523 U.S. 614, 618 (1998) ("a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process"). Specifically, the record does not indicate whether Petitioner understood that he was charged as a party to the crime of burglary, rather than as a burglar himself.

Although this line of questioning is difficult, the Supreme Court's decision in *Bradshaw v. Stumpf*, 545 U.S. 175 (2005) provides a clear answer. In *Stumpf*, a criminal defendant pleaded guilty to aggravated murder even though he consistently denied actually shooting the victim. *Id.* at 179. Although the Sixth Circuit Court of Appeals granted habeas relief, finding that the defendant "must have entered his plea out of ignorance," *id.* at 182, the Supreme Court reversed. The Court noted that "Ohio law considers aiders and abettors equally in violation of the aggravated murder statute, so long as the aiding and abetting is done with the specific intent to cause death." *Id.* at 184. Based on this understanding of Ohio's aiding-and-abetting statute, the Court held that the defendant's "steadfast assertion that he had not shot [the victim] would not

necessarily have precluded him from admitting his specific intent," or of being found guilty of aggravated murder. *Id.* at 184. The Court noted that the evidence against the defendant could have supported a finding of intent to cause death, *id.*, and also that the defendant had expressly admitted, on the record, that he was "in fact guilty of" the charge of aggravated murder. *Id.* at 185.

The same logic employed in *Stumpf* applies in this case. Burglars and parties to burglary are equally blameworthy under Georgia law, and therefore, the fact that Petitioner did not, himself, actually break and enter has no bearing upon the validity of his guilty plea to the charge of burglary. At Petitioner's guilty plea hearing, the prosecutor clearly outlined the facts supporting the plea, stating that "[t]he evidence at trial would show that Anthony Seabrooks was attempting to . . . remove an air conditioner from the home of Mr. Etheridge," and that "Mr. Sanford had carried [Seabrooks] over to [Etheridge's] house . . . to commit this residential burglary." (Doc. 7-7, pp. 93). Petitioner admitted in open court that he committed the acts as described by the prosecutor. (Doc. 7-7, pp. 97). Additionally, in his Amended Petition to this Court, Petitioner appears to acknowledge his role in the burglary: "Samford drove Seabrooks to the residen[ce] and plead[ed] guilty to party to crime." (Doc. 5, p. 7). Although Petitioner now denies specifically intending to aid in the commission of burglary, (Doc. 7-7, p. 46) ("I had no knowledge about what he had done"), the record suggests that ample evidence could have supported a finding of intent. Both Petitioner's co-defendant, Anthony Seabrooks, and an eyewitness, the homeowner, linked Petitioner to the scene of the crime. (Doc. 7-7, pp. 36-38). Additionally, the State moved for, and the criminal court allowed the admission of similar transaction evidence regarding two prior burglaries committed by Petitioner. (Doc. 7-7, p. 13).

Given these facts, and given the Supreme Court's decision in *Stumpf*, Petitioner is not entitled to relief on ground two.

## II. Grounds One and Three: Petitioner's Indictment was Adequate

In grounds one and three of his state habeas petition, Petitioner argued that his indictment was inadequate because it lacked specific language charging him as a party to the crime. The state habeas court found that Petitioner waived grounds one and three by entering a valid guilty plea, (Doc. 7-2, pp. 7-8), and this ruling is consistent with the Supreme Court's decision in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), which provides that:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Even ignoring *Tollet*'s waiver rule, though, it does not matter that Petitioner's indictment did not specifically allege that Petitioner was charged as a party to the crime. Under Georgia law, as under federal law,[2] it is well settled that "the State is not required to specify in the indictment that it is charging the defendant as a party to the crime." *Jennings v. State*, 288 Ga. 120, 121 (2010).

Accordingly, because Petitioner waived any claims related to errors in the indictment by entering his guilty plea, and because Petitioner's claims are, in addition, not meritorious, Petitioner is not entitled to relief on grounds one and three.

---

[2] *See, e.g., U.S. v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) ("Aiding and abetting need not be specifically alleged in the indictment"); *United States v. DePace*, 120 F.3d 233, 236 n. 3 (11th Cir. 1997) ("The aiding and abetting theory is not an essential element of the offense and it is not necessary to make reference to it in the indictment") (citing *Martin*).

14

**III. Ground Four: Petitioner's Counsel was not Ineffective**

In ground four of his state habeas petition, Petitioner argues that his plea counsel was ineffective for failing to "object to" the charge of burglary. Although Petitioner does not expressly argue that counsel was ineffective for failing to ensure that Petitioner understood Georgia's "party to a crime" laws, Petitioner's continuing failure to understand those laws underlies all of the claims in the instant petition, including Petitioner's claim that his plea counsel was ineffective for failing to "object to" the burglary charge. Essentially, Petitioner contends that his counsel should have moved to dismiss the burglary indictment because there was no evidence that Petitioner actually entered the residence himself, and also because there was no specific language in the indictment to indicate that Petitioner was charged as a party to the crime of burglary.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims, even at the plea stage. *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). A petitioner claiming ineffective assistance of plea counsel must show: (1) that counsel committed objectively unreasonable professional errors; and (2) a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have instead insisted on going to trial. *Id.* The record supports neither finding in this case.

At the state habeas proceeding, Petitioner's plea counsel testified that he did not "object to the burglary charge" because he concluded that "the State's facts of the case, if proven . . . could substantiate and support that burglary charge." (Doc. 7-7, p. 17). Instead of objecting, counsel prepared a factual defense based on the element of intent. Counsel testified that he and Petitioner were initially prepared to go to trial using this defense, which focused on the lack of

15

evidence to prove Petitioner's intent to help his juvenile co-defendant commit a burglary. As counsel explained:

> Well, basically the defense was he just didn't have any intent, any knowledge of the boy's committing a burglary. He was simply called by his girlfriend's son to pick him up and that was what he was there for, and, you know, simply that. We'd just go in there and tell our version of it and see what happens, and that was the plan.
>
> (Doc. 7-7, p. 14)

Counsel testified that he discussed this defense with Petitioner. (*Id.*). Although counsel noted that the State had moved for and obtained the admission of similar transaction evidence involving two prior burglaries committed by Petitioner, evidence to be used to prove Petitioner's intent, counsel "actually planned on trying the case" and announced ready for trial on several occasions. (*Id.* at p. 13).

Counsel testified that he advised Petitioner to consider plea offers only after Petitioner was arrested on new theft or burglary charges:

> [J]ust before the plea was entered, he got arrested again over in Bibb County on what amounts to supposedly a theft of some properties behind some man's house. But up until that point in time there, we were geared up to go to trial.
>
> (Doc. 7-7 pp. 13-14)

After the new arrest, the State "sent a notice of recidivism" which could have resulted in a sentence of twenty years without the chance of parole. (*Id.* at p. 15). The State offered to withdraw the recidivist notice, however, in exchange for a guilty plea.

On review of this evidence, the state habeas court reasonably concluded that Petitioner's plea counsel provided effective assistance of counsel. The evidence supports the state habeas court's conclusion that counsel "was thorough in his investigation and preparation of the case,

16

and was forthright with the petitioner about the weight of the evidence and the potential outcomes of going to trial." (Doc. 7-2, p. 5). This conclusion was a reasonable determination of the facts in light of the evidence presented in the state habeas proceeding. That evidence showed that after investigation and consultation with Petitioner, counsel was prepared to take the case to trial. Counsel chose to pursue the most promising available defense strategy, challenging the evidence that Petitioner had the requisite intent to aid or abet the juvenile co-defendant in the theft of the air conditioner. This strategy had its own risks, especially given the potential of the similar transaction evidence to overcome any reasonable doubts about Petitioner's intent. As such, counsel acted reasonably in advising Petitioner to consider a plea offer after Petitioner was arrested on new charges and faced both a new prosecution and recidivist treatment at sentencing. There is no evidence that counsel coerced or deceived Petitioner into entering a guilty plea, nor is there any clear evidence that counsel positively advised Petitioner to accept the offer.

Petitioner complains that neither the state criminal court nor Petitioner's plea counsel acted to ensure that Petitioner understood Georgia's "party to a crime" laws, which provide that persons who intentionally aid or abet the commission of a crime may be charged with and convicted of the actual commission of that crime. The Official Code of Georgia provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." O.C.G.A. § 16-2-20(a). A person is "concerned in the commission of a crime" if he "intentionally aids or abets in the commission of the crime." O.C.G.A. § 16-2-20(b)(3). The Code further provides that

> Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, has

17

been convicted of a different crime or degree of crime, or is not amenable to justice or has been acquitted.

O.C.G.A. § 16-2-21

Under these laws, one who intentionally aids and abets a burglar by, for example, driving a getaway car, is himself guilty of burglary. *See, e.g., Dorsey v. State*, 297 Ga. App. 268, 270 (2009). It is "well-settled" that Georgia law, like federal law, does not require the State "to specify in the indictment that it is charging the defendant as a party to the crime." *See Jennings v. State*, 288 Ga. 120, 121 (2010); *United States v. DePace*, 120 F.3d 233, 236 n. 3 (11th Cir. 1997).

Competent trial counsel would have understood this law and would have known that a motion to dismiss the indictment for failure to include a specific "party to a crime" charge would have been futile. Competent counsel would also have known that Petitioner's proposed defense – that he did not personally enter the residence or commit the theft – would similarly have been futile.[3] Given Petitioner's eventual admission that he was present at the scene and that he drove the juvenile co-defendant away,[4] counsel chose to focus on the most reasonable possible defense, the question of Petitioner's intent to assist the co-defendant in the commission of burglary. Such a strategy was well within the "wide range of professionally competent assistance" countenanced by the Supreme Court in *Strickland*. 466 U.S. at 690.

To the extent that Petitioner is attempting to argue that his counsel was ineffective in failing to explain Georgia's "party to a crime" laws during plea negotiations, Petitioner cannot show that he was prejudiced by any such failure. It is apparent from the record in this case that

---

[3] Although Petitioner does not plainly make the argument, it can be inferred from certain of his statements that the acts of his co-defendant would themselves constitute the crime of burglary. Under Georgia law, a person commits the offense of burglary in the first degree when he enters or remains within the dwelling house of another without permission and with the intent to commit a theft therein. O.C.G.A. § 16-7-1(b). "Entry" under this statute occurs when a person "breaks the plane of the structure." *Meadows v. State*, 264 Ga.App. 160, 164 (2003). Because the removal of a window-unit air conditioner from the window of a house would most likely meet this definition of entry, competent counsel could reasonably have chosen not to pursue such a defense.

[4] Petitioner initially denied that he was present at the scene. (*See* Doc. 7-7, p. 35).

18

Petitioner still does not understand the concept of a party to a crime. Had he understood it better, however, he cannot show that his understanding would have made him less likely to enter a plea of guilty. If anything, a better understanding of the law would have made a guilty plea more advisable, as Petitioner would have better understood the futility of the defenses that he proposed and the limited nature of the defenses available to him.

## CONCLUSION

Because Petitioner is not entitled to relief under Section 2254, it is **RECOMMENDED** that his petition be **DENIED**. Additionally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this Rule 11 showing). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of May, 2014.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge