IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HORACE SANFORD, | : | |
|     Petitioner, | : | |
| | : | Case No. 5:12-CV-508 (CAR) |
| v. | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| Warden DARRELL HART, | : | |
|     Respondent. | : | |
| _____ | : | |

**ORDER ON THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 10] to deny Petitioner Horace Sanford's petition for a writ of habeas corpus under 28 U.S.C. § 2254. In response, Petitioner filed a Motion for Extension of Time to File an Objection [Doc. 11], and, within a few days thereafter, filed an Objection to the Recommendation [Doc. 12]. The Court hereby **GRANTS** Petitioner's Motion for Extension of Time to File an Objection [Doc. 11]. Thus, pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the portions of the Recommendation to which Petitioner objects and finds the Objection to be without merit.

In the current Section 2254 petition, Petitioner challenges his burglary conviction following a guilty plea. The Magistrate Judge recommends denial of the petition

because (1) *Bradshaw v. Stumpf* [1] indicates that Petitioner's guilty plea was "knowingly, intelligently, and voluntarily" entered; (2) the state was not required to include "party to a crime" language in the indictment; and (3) Petitioner's plea counsel was not ineffective for failing to object to the charge of burglary.

In his Objection, Petitioner continues to raise claims which indicate a lack of understanding of Georgia's "party to a crime" laws, the applicability of which was fully explained by the Magistrate Judge in the Recommendation.  For example, Petitioner argues that "no burglary actually occurred," that "party to crime would require proof that [Petitioner] . . . shared in the criminal intent," that there "should have been a demurrer to the indictment," and that counsel was ineffective for failing to file a demurrer to the indictment "due to the essential elements missing." [2]  All of these arguments were fully and adequately addressed and rejected by the Magistrate Judge.

Additionally, to the extent Petitioner argues that he should have been permitted to plead guilty to attempted burglary because his co-defendant did so, his argument fails.  Georgia law is clear that "[a] party to a crime may be [indicted, tried, convicted, and punished] for the crime <u>even though</u> an alleged co-party 'has not been prosecuted or convicted, or has been convicted of a different crime or degree of crime, or is not

---

[1] 545 U.S. 175 (2005).
[2] Obj. at 2-3, 8 [Doc. 12].

amenable to justice or has been acquitted.'"[3]  Given this authority, the Court discerns no error.

Based on the foregoing, the Court agrees with the findings and conclusions of the United States Magistrate Judge.  The Recommendation [Doc. 10] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Accordingly, the petition is **DENIED**.  Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 4th day of November, 2014.

<pre>
                              S/ C. Ashley Royal
                              C. ASHLEY ROYAL
                              UNITED STATES DISTRICT JUDGE
</pre>

ADP

---

[3] *Owens v. State*, 251 Ga. 313, 319 (1983) (quoting O.C.G.A. § 16–2–21) (emphasis added).